FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2 2 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDDIE ROBINSON,

                 Petitioner,

    -against-

KINGS COUNTY DISTRICT ATTORNEY
OFFICE,

                 Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

16-CV-2245 (SLT) (LB)

**TOWNES, United States District Judge:**

Petitioner Eddie Robinson, appearing *pro se*, files the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), ECF No. 1.) The Court grants Petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Petition is dismissed because the Court lacks jurisdiction and Petitioner's claim is time-barred.

## BACKGROUND

On March 31, 2000, Petitioner was convicted of Grand Larceny in the Second Degree and he pleaded guilty. (Pet. ¶¶ 1-6.) On April 28, 2000, he was sentenced by the New York Supreme Court, Kings County, to a term of three to six years imprisonment for this conviction. (*Id.*)

This Court and the Northern District of New York have rejected all of Petitioner's prior attempts to challenge his 2000 conviction and the execution of his sentence. In 2003, Petitioner filed a habeas application in the Northern District of New York alleging constitutional violations based on the miscalculation of his custody dates. *Robinson v. Connell*, No. 9:03-CV-1151 (N.D.N.Y.) (Report and Recommendation 1, ECF No. 48.) The habeas application was subsequently dismissed as moot because Petitioner had been released from prison and had failed

to show that "a continuing concrete injury" had resulted from the alleged miscalculations. *Robinson v. Connell*, No. 9:03-CV-1151 (N.D.N.Y.) (Report and Recommendation); *Robinson v. Connell*, No. 9:03-CV-1151 (LEK/VEB), 2008 U.S. Dist. LEXIS 26033 (N.D.N.Y. Mar. 31, 2008) (adopting Report and Recommendation in its entirety over Petitioner's objections).

Petitioner also filed a complaint in the Northern District of New York under 42 U.S.C. § 1983 alleging that the defendants had violated his civil rights by miscalculating his sentence for multiple convictions, including his 2000 conviction, "causing him to be detained past his maximum expiration date." *Robinson v. Connell*, No. 9:05-CV-1428 (GLS/ATB), 2010 U.S. Dist. LEXIS 142208, at *1 (N.D.N.Y. Sept. 8, 2010). In dismissing that case, the Court noted that Petitioner's "maximum expiration date" for his sentence based on multiple convictions, including his 2000 conviction, was July 21, 2007. *Robinson v. Connell*, No. 9:05-CV-1428 (GLS/ATB), 2010 U.S. Dist. LEXIS 142208, at *30 (N.D.N.Y. Sept. 8, 2010) (Report and Recommendation); *Robinson v. Connell*, No. 9:05-CV-1428 (GLS/ATB), 2011 U.S. Dist. LEXIS 29728 (N.D.N.Y. Mar. 23, 2011) (adopting Report and Recommendation in its entirety).

In 2011, Petitioner filed a *pro se* complaint in this jurisdiction under 42 U.S.C. § 1983 challenging his 2000 conviction on the grounds of ineffective assistance of counsel and false imprisonment. *Robinson v. Hines*, No. 11-CV-1351 (SLT) (ALC) (E.D.N.Y.). A duplicate action that Petitioner had instituted in the Southern District of New York was also transferred to this jurisdiction. *Robinson v. Hines*, No. 11-CV-1176 (SLT) (ALC) (E.D.N.Y.). The Court dismissed both actions for failure to state a claim under 42 U.S.C. § 1983 and because his claims were time-barred. *Robinson v. Hines*, No. 11-CV-1176 (SLT) (ALC), No. 11-CV-1351 (SLT) (E.D.N.Y.) (Memo. and Order, Apr. 6, 2011, ECF Nos. 7 and 3, respectively.) In 2013, Petitioner filed another lawsuit in this jurisdiction alleging the same claims against the same

2

parties as in his 2011 actions; consequently, the case was dismissed. *Robinson v. Kings County District Attorney's Office*, No. 13-CV-772 (SLT) (JMA) (E.D.N.Y.) (Memo. and Order, Mar. 11, 2013, ECF No. 8). His appeal of the Court's 2013 decision was rejected by the Second Circuit Court of Appeals. *Robinson v. Kings County District Attorney's Office*, No. 13-CV-772 (SLT) (JMA) (E.D.N.Y.) (Mandate, ECF No. 14).

In 2013, Petitioner filed a post-conviction motion with the New York State trial court, pursuant to New York Criminal Procedure Law § 440 ("§ 440 Motion"), seeking to overturn his 2000 conviction on the grounds of ineffective assistance of counsel and false imprisonment. (Pet. ¶ 11.) The trial court denied his motion as procedurally barred because he had failed to appeal his conviction and to "demonstrate why he failed to take or perfect an appeal. CPL § 440.10(2)(c) ...." (Pet. Appendix C, Decision and Order 4, Supreme Court: Kings County, Oct. 30, 2013.) The trial court also held that his claims lacked merit. (*Id.* at 4-6.) On August 10, 2015, the Appellate Division, Second Department denied his application seeking leave to appeal the trial court's decision. (Pet., Appendix B, Decision and Order on Application.) On November 2, 2015, the New York State Court of Appeals dismissed his application for leave to appeal. (Pet., Appendix A, Corrected Order Dismissing Leave.)

## THIS LAWSUIT

On April 26, 2016, Petitioner filed his third lawsuit in this jurisdiction challenging his 2000 conviction. (Pet.) He now frames his challenge under 28 U.S.C. § 2254 seeking habeas relief based on "Double Jeopardy federal and statutory grounds." (Pet. ¶ 12.)

## DISCUSSION

**I. PETITIONER FAILS TO MEET THE "IN CUSTODY" REQUIREMENT**

Section 2254(a) provides that a district court has jurisdiction over a habeas application "in behalf of a person in custody pursuant to the conviction of a State court only on the ground that he is in custody" in violation of federal law. Section 2254(a) has been interpreted to require that the petitioner "be 'in custody' under the conviction of sentence under attack at the time this petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). This does not mean physical confinement; the issue is whether the sentence imposed has fully expired or not. *Id.* at 491. Where a petitioner files a habeas application challenging a conviction for which the sentence has fully expired, the petitioner fails to meet § 2254(a)'s "in custody" requirement and the district court lacks jurisdiction. *Id.* at 492; *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999).

Petitioner submitted this Petition on April 26, 2016, nine years after his sentence expired on July 21, 2007 for the very conviction that he challenges. *Robinson v. Connell*, No. 09-CV-1428 (GLS/ATB), 2010 U.S. Dist. LEXIS 142208, at *30 (N.D.N.Y. Sept. 8, 2010). Consequently, Petitioner was no longer "in custody" when he filed the instant application for habeas relief. *Maleng*, 490 U.S. at 492; *Williams*, 195 F.3d at 96.

A petitioner may satisfy the "in custody" requirement by alleging that the sentence for a current conviction "was enhanced by the allegedly invalid prior conviction ...." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001); *Williams*, 195 F.3d at 96. But even reading the allegations in the light most favorable to the *pro se* Petitioner, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he has not made any such allegation here. He asserts only that his 2000 conviction is invalid on Double Jeopardy grounds:

> Double Jeopardy federal and statutory grounds. The kings county supreme court is immediately divested of all jurisdiction of my criminal case under Dkt #

4

> 1999kno84385, upon the filing of a dismissal by the kings county criminal court grand jury on 12/20/1999 because the prosecution could not secure or obtain its witnesses, please see Appendix C within, also on November 19, 1999 I pleaded guilty to time serve under Dkt # 1999kno84385, in criminal court part Ap1.

(Pet. 5.) One cannot even infer from his allegations or the attached documents (ECF No. 4) that he is alleging that his 2000 conviction enhanced his sentence for his current conviction. The only information that Petitioner has provided about his current conviction is his Prisoner number ("1411509318"), and that he is incarcerated at the Brooklyn Detention Complex. (Pet. 1.) At the time that he filed the Petition, Petitioner was incarcerated for a conviction based on an arrest made on September 22, 2015. (*See* http://a073-ils-web.nyc.gov/inmatelookup; Petitioner identified by name and Book & Case No. 1411509318; last visited May 4, 2016.)

Even if Petitioner had challenged his current sentence as being enhanced by his allegedly invalid 2000 conviction, he would be barred from seeking habeas relief on his 2000 conviction because he failed to appeal that conviction in state court. Where the 2000 conviction "is no longer open to direct or collateral attack in its own right because [Petitioner] failed to pursue those remedies while they were available (or because [Petitioner] did so unsuccessfully)...," the 2000 conviction is "regarded as conclusively valid." *Lackawanna*, 532 U.S. at 402; *see also Barnes v. Superintendent*, No. 08-CV-2158, 2012 U.S. Dist. LEXIS 130959, at *3 (E.D.N.Y. Sept. 13, 2012). Such a result is necessary to preserve "the compelling interest in the finality of convictions. [T]he State that secured the conviction obtains a strong interest in preserving the integrity of the judgment." *Id.* at 403. Petitioner failed to appeal his 2000 conviction, and waited thirteen years after his conviction became final to collaterally attack it in state court, an attempt which was unsuccessful because his attack was held to be both untimely and meritless. (Decision and Order 4-6, Supreme Court: Kings County, Oct. 30, 2013.) Consequently,

Petitioner cannot use § 2254 to collaterally attack his 2000 conviction in federal court after it has been "regarded as conclusively valid" in state court.

The Petition is dismissed because the Court lacks jurisdiction.

II. **PETITIONER'S APPLICATION FOR HABEAS RELIEF IS UNTIMELY**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations to file a habeas application under § 2254. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "A conviction is 'final' within the meaning of 28 U.S.C. § 2244(d)(1)(A) [1] upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before the United States Supreme Court." *Davis v. Racette*, 99 F.Supp.3d 379, 384 (E.D.N.Y. 2015) (citing *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003)).

In *Davis v. Racette*, the Court held that pursuant to New York CPL § 460.10, anyone seeking to appeal a criminal judgment or sentence must file a written notice of appeal within

---

[1] There is no indication that subsections (B)-(D) are applicable to Petitioner's case.

thirty days of being sentenced. 99 F.Supp.3d at 384-85 (citing NYCPL § 460.10(1)(a)). There, as is the case here, the petitioner did not file a notice of appeal. *Id.* at 385. And he subsequently waited over a decade to seek habeas relief, well past AEDPA's one-year deadline.[2] The Court held that his habeas application would be deemed time-barred unless that petitioner could show cause for tolling. *Id.*

Similarly here, since Petitioner was sentenced on April 28, 2000 (Pet. ¶ 2(b)), Petitioner's deadline to file a notice of appeal in New York State was May 28, 2000. NYCPL § 460.10(1)(a). But there is no record of him filing a notice of appeal or appealing his 2000 conviction to the trial court. Consequently, Petitioner had until May 28, 2001 to file the instant habeas application. 28 U.S.C. § 2244(d)(1)(A). Yet he waited until 2016 to do so. His habeas application is time-barred unless there is cause for statutory or equitable tolling.

A.   **Statutory Tolling**

Once the one-year statute of limitations begins to run, it can be tolled under § 2244(d)(2) if "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." *Davis*, 99 F.Supp.3d at 385 (citing *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009)). But § 2244(d)(2) applies only if a post-conviction motion was already pending within the one-year limitations period; it does not restart the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000). In *Doe v. Menefee*, the Second Circuit held that "[w]hen the AEDPA [one-year] limitations period expired ..., [the petitioner] had not yet filed the § 440 motion, thereby losing the opportunity to invoke 28 U.S.C. § 2244(d)(2)'s provision for tolling the limitations period during the pendency of a state post-

---

2   Since the *Davis* petitioner had been convicted before the AEDPA was enacted, he also had one year from the effective date of AEDPA in 1997 to file his habeas application. *Id.* at 385. But he did not file his § 2254 application until 2011. *Id.*

7

conviction motion." 391 F.3d 147, 154 (2d Cir. 2004) (ruling that the § 2254 application was time-barred and there was no cause for equitable tolling). Similarly here, when the AEDPA one year-limitations period expired on May 28, 2001, Petitioner had not yet filed his § 440 Motion. He filed it in state court in 2013 and, thereby, lost the opportunity to "avail himself of statutory tolling." *Davis*, 99 F.Supp.3d at 386.

Where there is no cause for statutory tolling, the Court will next consider whether cause for equitable tolling exists.

### B. Equitable Tolling

In order to find equitable tolling of the statute of limitations for a period of time, the petitioner must show, for the relevant time period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted); *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011). A petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." *Harper*, 648 F.3d at 134. Moreover, "[t]he term 'extraordinary' does not refer to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Id.* at 137 (citing *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010)).

Based on the record in front of the Court and drawing all inferences in favor of the *pro se* Petitioner, the Court sees no facts showing that cause for equitable tolling exists. Moreover, even if Petitioner had timely filed this habeas application or could show cause for equitable tolling to excuse his delay, he cannot seek habeas relief on his 2000 conviction because the Court lacks jurisdiction for the reasons set forth above.

## CONCLUSION

Accordingly, the Petition is dismissed on the merits. The Clerk of Court is directed to close this case. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: November 21, 2016
Brooklyn, New York